IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIM T. GLOVER, JR., | ) | CASE NO. 1:18 CV 1134 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CORPORAL BOARDMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |

Before me by referral[1] is the matter of Jim T. Glover, Jr.'s *pro se* claims of cruel and excessive punishment pursuant to 42 U.S.C. § 1983 against Corporal Boardman and Corrections Officer Irion at the Cuyahoga County Correction Center.[2] Glover seeks the appointment of counsel, citing as reasons his indigency, lack of legal skills, and a 10th grade education.[3] The defendants, who are named in both their individual and official capacities,[4] have not responded to this motion.

It is well-settled that plaintiffs in civil cases do not have a federal constitutional right to counsel.[5] Rather, appointed counsel in such cases is "a privilege that is justified only by exceptional circumstances."[6] In that regard, courts look to the type of case and the ability of the plaintiff to represent himself, and conduct this analysis in the context of the

---

[1] ECF No. 7.
[2] ECF Nos. 1, 5.
[3] ECF No. 8.
[4] *See* ECF No. 1.
[5] *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted).
[6] *Id.* at 606 (internal quotations omitted) (citations omitted).

complexity of the factual and legal issues involved.[7]  That decision is committed to the discretion of the court.[8]  A request for appointment of counsel by a prisoner asserting a §1983 claim is analyzed under this standard.[9]

A review of the existing file demonstrates that Glover, notwithstanding his alleged lack of legal skill and limited education, is sufficiently able to meet the requirements for filing and proceeding with this civil action in federal court.  Moreover, indigency alone is a common attribute of prisoner plaintiffs and thus is not of itself grounds for the appointment of counsel.

Accordingly, for the reasons stated, Glover's motion for the appointment of counsel is denied.

IT IS SO ORDERED.

Dated: January 17, 2019                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

---

[7] *Id.* (citations omitted).
[8] *Id.*
[9] *See Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013).